IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN L. ROBERTS,

    Petitioner,

  v.

MS. JERI TAYLOR,

    Respondent.

Case No. 2:13-cv-00242-HZ

OPINION AND ORDER

John L. Roberts
17263432
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR 97882-9419

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court conviction for Murder. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On February 2, 2008, petitioner shot his wife in the back of the head as she slept, killing her instantly. Petitioner claimed that his wife had begged him to kill her because she suffered from the degenerative effects of Lou Gehrig's Disease ("ALS"). At trial, the State presented evidence that the victim had not been diagnosed with ALS or any other terminal illness, petitioner had been planning her death even before he claimed to have been informed of an ALS diagnosis, and the victim's future plans indicated she had no wish to die. The jury reached a unanimous verdict of guilty, and the trial court sentenced petitioner to life imprisonment with a 25-year minimum.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Roberts*, 247 Or. App. 623, 273 P.3d 377, *rev. denied*, 352 Or. 107, 284 P.3d 485 (2012).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court dismissed the action on

2 - OPINION AND ORDER

the State's motion. Respondent's Exhibit 120. Petitioner did not appeal from that adverse decision.

Petitioner filed this federal habeas corpus case on February 11, 2013 and moved for the appointment of counsel. The court appointed counsel to represent petitioner but after the development of an irreconcilable breakdown in the attorney-client relationship, counsel was allowed to withdraw and petitioner proceeded *pro se* from that point forward. In his Petition for Writ of Habeas Corpus, petitioner raises the following grounds for relief:

1. The trial court erred when it failed to adhere to Oregon's requirement that petitioner be provided with a speedy trial;

2. The trial court erred when it refused to instruct the jury on the charge of Manslaughter in the Second Degree;

3. The trial court erred when it denied petitioner's motion for a mistrial after one of the jurors observed him in shackles in a courthouse hallway; and

4. Trial counsel rendered ineffective assistance when he failed to: (a) call any witnesses; (b) use the services of a private investigator; (c) remove a second-chair attorney who was laboring under a conflict of interest; (d) put on any defense; (e) subject the State's case to adversarial scrutiny; and (f) address the illegal and unethical conduct of the prosecuting attorney through objections and requests for sanctions.

Respondent asks the court to deny relief on the Petition because: (1) Grounds One, Two, and Three are not properly stated as

3 - OPINION AND ORDER

federal claims; (2) Grounds One and Four are procedurally defaulted and therefore ineligible for federal habeas corpus review; and (3) to the extent petitioner's due process claims in Ground One, Two, and Three are properly before the court for consideration, they lack merit.

## DISCUSSION

### I. Failure to State a Claim

Respondent correctly points out that Grounds One, Two, and Three of the Petition fail to allege a violation of federal law. The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). However, in cases involving a *pro se* litigant, this court construes the pleadings liberally and affords the petitioner the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998). Construing the *pro se* Petition liberally, the court concludes that petitioner bases his claims of trial court error on the U.S. Constitution's Due Process Clause. As a result, the court concludes that under a liberal construction of Grounds One, Two, and Three, petitioner properly raises federal due process claims which state appropriate claims for habeas corpus relief.

4 - OPINION AND ORDER

## II. Exhaustion and Procedural Default

According to respondent, petitioner failed to fairly present his Ground One speedy trial claim and his Ground Four ineffective assistance of counsel claims to Oregon's state courts such that they are now ineligible for federal habeas corpus review. A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v.*

5 - OPINION AND ORDER

*Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### A. Ground One: Speedy Trial

Petitioner, despite being represented by counsel during all phases of his criminal trial, filed numerous *ex parte pro se* motions and letters with the trial judge. Among these was a Motion to Dismiss the charges against him based upon the State's failure to comply with its speedy trial obligation. According to respondent, the trial court found this motion, as well as his other *ex parte pro se* motions, to be improperly before the court.[1] A review of the transcript reveals this to be true. Specifically, the court informed petitioner that: (1) *ex parte* communication was not allowed; (2) the court had called this to petitioner's attention previously in open court, but it nonetheless continued; and (3) the procedure the judge followed with regard to these submissions was to write petitioner and inform him that the court

---

[1] Respondent actually cites to the State's own argument, not the court's finding. Trial Transcript, pp. 287-88.

6 - OPINION AND ORDER

could not take any action on the motions. Trial Transcript, pp. 288-93. The judge then proceeded to add the following:

> to the extent that these matters are deemed to be motions and are deemed to be properly presented in court to the point where a trial judge can make a ruling, I am making a ruling at this time on each and every one of the motions or other requests for relief . . . [a]nd my ruling is that all of these motions and other requests for relief are respectfully denied.

*Id* at 294.

Where petitioner was represented by counsel, the numerous *pro se* documents filed with the court in an *ex parte* fashion were not properly before the court for its consideration. In this way, the trial court rejected the Motion to Dismiss based upon an independent and adequate procedural rule without consideration of the speedy trial issue petitioner presents here. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) (precluding federal court review of a claim which was denied in state court based on an independent and adequate state procedural rule). While the criminal trial court also issued an alternate blanket ruling on the merits of petitioner's *pro se* submissions in the event petitioner's filings might be deemed to be proper, such an alternative ruling does not require this court to ignore the procedural ruling upon which the trial court's decision primarily rested. *Harris v. Reed*, 489 U.S. 255, 264 n. 10.

7 - OPINION AND ORDER

Because petitioner's Motion to Dismiss was not properly before the trial court for its consideration, the speedy trial issue he sought to present on appeal was ineligible for consideration by either the Oregon Court of Appeals or the Oregon Supreme Court. *See Ploplys v. Bryson*, 188 Or.App. 49, 58, 69 P.3d 1257 (2003) (an issue is only properly preserved at trial where the opposing party has an opportunity to address it); *State v. Castrejon*, 317 Or. 202, 856 P.2d 616, 622 (1993) (only claims which were properly before the Oregon Court of Appeals are eligible for review by the Oregon Supreme Court). As such, petitioner failed to fairly present his speedy trial claim to the Oregon Supreme Court. Because the time for presenting the claim to Oregon's state courts passed long ago, the claim is procedurally defaulted and petitioner has not excused his default through a showing of cause and prejudice or actual innocence.

B.  **Ground Four: Ineffective Assistance of Counsel**

Respondent asserts that petitioner also failed to fairly present any of his ineffective assistance of counsel claims to the Oregon Supreme Court, leaving those claims procedurally defaulted. A review of the record reveals that petitioner filed a PCR action in Umatilla County raising 16 claims of ineffective assistance of counsel. The Circuit Court dismissed the PCR Petition "for failure to state ultimate facts and failure to satisfy the pleading requirements of ORS 138.580. . . ." Respondent's Exhibit 118,

8 - OPINION AND ORDER

p. 1. When petitioner failed to correct these deficiencies, the Circuit Court dismissed his case with prejudice. Respondent's Exhibit 120.

As noted in the Background of this Opinion, petitioner did not appeal the PCR trial court's decision. As such, there was no way for him to fairly present his claims of ineffective assistance of counsel to the Oregon Supreme Court.[2] Because petitioner may no longer pursue his claims of ineffective assistance of counsel in Oregon's state courts, they are procedurally defaulted and petitioner has not excused this default.

### III. Motion to Expand the Record (#55)

Petitioner asks the court to supplement the record with additional documents for the court's consideration which are not contained within the Respondent's Exhibits. In response to the state's argument against expansion of the record, petitioner filed a "Motion to Disallow Respond[e]nt's Request to Not Supply Documents" which the court construes as a Motion to Expand the Record.

Petitioner seeks habeas corpus review of his claims pursuant to 28 U.S.C. § 2254(d)(1), arguing that the Oregon state courts unreasonably applied clearly established federal law when rejecting

---

[2] Even if petitioner had appealed the PCR trial court's decision, his appeal would not have entailed a merits review of his ineffective assistance of counsel claims. Instead, the appeal would have been limited to whether the PCR trial court properly dismissed his Petition for procedural reasons.

9 - OPINION AND ORDER

his claims. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1389 (2011). "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id* at 1400. Because petitioner is not entitled to expand the record beyond that which was developed in the state court proceedings, his Motion to Expand the Record is denied. The court will confine its review to the merits of petitioner's claims to the record that was before the Oregon state courts.

IV. **The Merits**

    A.    **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

10 - OPINION AND ORDER

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

B. **Analysis**

    1. Ground Two: Jury Instructions

According to petitioner, the trial court erred when it failed to instruct the jury on the crime of Manslaughter in the Second Degree. Petitioner sought an instruction on Manslaughter II under the theory that he assisted his wife in committing suicide pursuant to ORS 163.125(1)(b) which covers situations wherein "a person

11 - OPINION AND ORDER

intentionally causes or aids another person to commit suicide[.]"³ The trial court noted that, in deciding whether a jury instruction was proper for Manslaughter in the Second Degree, it was "interpreting Oregon statutory law as well as Oregon case law in making [its] decision." Trial Transcript, p. 1147. Citing to an Oregon Supreme Court case as well as "other authority set out in the State's briefs," the trial court determined that a Manslaughter II instruction was not appropriate where, "[v]ery simply, there is no evidence in this case that can be viewed as indicating that Mrs. Roberts, the decedent, put a gun to her own head. There is no evidence that Virginia Roberts committed suicide." *Id* at 1148-49. The court reasoned that without a suicide, there could be no aiding in a suicide or causing another to commit suicide. *Id* at 1149. Such an interpretation of state law is binding on this court. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Because Oregon law did not support a Manslaughter instruction under the facts of this case, petitioner cannot prevail on his due process claim.

Petitioner also alleges that the trial judge failed to instruct the jury as to the definitions of "knowingly" and

---

    ³   The court also considered ORS 163.117 which provides a defense to murder under such circumstances.

12 - OPINION AND ORDER

"intentionally" as he requested. The jury was instructed as to intentionality, but the trial judge determined that petitioner's argument for an instruction on "knowingly" was not consistent with Oregon law, noting that "Oregon law is very well settled." Trial Transcript, p. 1164. Again, "state courts are the ultimate expositors of state law." *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994). Because Oregon law does not contemplate petitioner's desired instruction with respect to a Murder charge, the trial court's decision denying relief on petitioner's due process claim arising out of the jury instruction issues is neither contrary to, nor an unreasonable application of, clearly established federal law.

    2.    <u>Ground Three: Shackling</u>

Finally, in Ground Three, petitioner alleges that a juror saw him shackled in the hallway of the courthouse and that the trial court erred in denying his subsequent motion for a mistrial. A criminal defendant has a constitutional right to be free of shackles in the presence of a jury absent an essential state interest, but brief glimpses of a shackled defendant by jurors will not amount to a constitutional violation unless the habeas petitioner can show he suffered actual prejudice. *Ghent v. Woodford*, 279 F.3d 1121, 1132-33 (9th Cir. 2002); *United States v. Olano*, 62 F.3d 1180, 1190 (9th Cir. 1995); *United States v.*

13 - OPINION AND ORDER

*Haliburton*, 870 F.2d 557, 560-62 (9th Cir 1989); *Wilson v. McCarthy*, 770 F.2d 1482, 1485-86 (9th Cir. 1985).

Although petitioner is required to show actual prejudice, he provides the court with no argument in support of this claim. Instead, he simply lists this claim as one of 13 issues he wishes to preserve "for a possible future court." Memo in Support (#27), p. 17. His briefing, in its totality, identifies this issue as only, "1. Jury saw petitioner shack[le]d." *Id.* It is petitioner who carries the burden of proof in a habeas corpus case, *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002), and he has not done so.

Even if he had argued his shackling claim, he would not be entitled to relief. Not only did the juror in this case catch a mere glimpse of petitioner in a hallway outside the courtroom, but he did not see any shackles. Moreover, the trial court took abundant precautions to ensure petitioner was not prejudiced in any way by the juror's glimpse of petitioner outside the courtroom:

> First, I find that [the juror] hardly saw anything. He did not see any restraints. He was coming down the stairs. As he described it, the defendant with two deputies was somewhat behind him. He was not able, on questioning by me to state any specifics concerning seeing any form of restraint whatsoever or any – really any other descriptive aspects of what the defendant was wearing except he did recognize the defendant. He also denied that there was even eye contact.

14 - OPINION AND ORDER

And then he testified that – both sides agreed the juror oath was sufficient. He went on to tell us that he walked down that hallway and into the jury room and didn't look back, so it was very fleeting.

I also inquired as to whether there was any contamination of the jurors in the jury, and I find there was not. I also find that the action the Court took by excusing [the juror], declaring him an alternate, and he didn't – after the hearing that we conducted in the courtroom, he didn't return to speak with the other jurors because he was excused at that point and thanked for his service, all of those things plus the fact that . . . defense counsel initially called to the juror's attention during voir dire examination that the defendant was in custody, specifically defense counsel referred to the deputies here in the courtroom and made statements indicating that those deputies were here because the defendant was in custody.

So the mere fact of having deputies walking down the hall with the defendant seen by one juror who's now excused, that's – that's important.

Finally, counsel has not requested any curative instruction. None – and it's always an issue what you call something. But before the jury was brought back in, I did discuss with counsel a statement that I thought I should make to the jury that they should not consider anything concerning the fact that . . . the juror, was excused and they shouldn't consider anything else.

And I also went on to advise the jury of the presumption of innocence and the burden of proof on the State, and I gave a modified version of the instruction which is in Uniform Instruction 1001, Uniform Criminal Instruction.

So I believe all of these things taken together minimize the effect, if any, in terms

15 – OPINION AND ORDER

>       of the defendant's right to a fair trial. I
>       do not believe that that right to a fair trial
>       has been impinged by what occurred. I
>       certainly respect defense counsel for making
>       the motion but, given all these statements,
>       the motion for a mistrial is respectfully
>       denied.

Trial Transcript, pp. 1100-01.

Because petitioner has not shown actual prejudice, and as the trial court took abundant precautionary measures to ensure that no prejudice ensued, petitioner's shackling claim lacks merit. As a result, the criminal trial court's decision denying petitioner's due process claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, petitioner's Motion to Expand the Record (#55) and the Petition for Writ of Habeas Corpus (#2) are denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___8___ day of October, 2013.

_____
Marco A. Hernandez
United States District Judge

16 - OPINION AND ORDER